No. 47,364

GEO. C. CHRISTOPHER & SON, INC., *Appellee,* v. KANSAS PAINT & COLOR CO., INC., *Appellant.*

(525 P. 2d 626)

*Gerald Sawatzky,* of Foulston, Siefkin, Powers & Eberhardt, of Wichita, argued the cause and *Robert C. Foulston,* of the same firm, was with him on the brief for the appellant.

*Milo M. Unruh,* of Arn, Mullins, Unruh, Kuhn & Wilson, of Wichita, argued the cause and *Richard H. Price, Jr.,* of the same firm, was with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: The defendant has filed a motion for rehearing challenging that part of the opinion dealing with the court's instructions on implied warranty of merchantability. The motion has been considered and is hereby denied.

In the original opinion filed June 15, 1974, we stated:

". . . The court did not, as we interpret the instructions, submit the issue of implied warranty of merchantability. As we view the facts in this case the implied warranty was one of fitness for a particular purpose and an instruction on implied warranty of merchantability was neither proper nor necessary."

Defendant claims we were wrong in concluding no instruction was given on an implied warranty of merchantability, but we were right in saying that an instruction on implied warranty of merchantability was neither proper nor necessary. If defendant is correct a new trial should be ordered since the trial court instructed on a theory we found was neither proper nor necessary. We have fully reconsidered this point and have concluded we were wrong in both statements; that is, the court did instruct on implied warranty of merchantability and such an instruction under the facts and circumstances of this case was proper. We delete the above quoted part of the original opinion and point out that what we said as to disclaimers in their relation to implied warranty of fitness also applies to disclaimers in their relation to an implied warranty of merchantability.

In answer to defendant's contention that an express warranty supersedes an implied warranty under K. S. A. 84-2-317, we stated the specifications for paint were not exact or technical specifications indicating no express warranty was made. We then stated that even if the specifications could be construed as an express warranty the statute provides an express warranty does not displace an implied warranty of fitness for a particular purpose. This provision of the statute is not made as to an implied warranty of merchantability. In view of this we must be definite as to whether there was an express warranty. We have no hesitancy in concluding there is no basis for an express warranty in this record.

Although the issue was not briefed by defendant on appeal, there was a motion to require plaintiff to elect between two inconsistent theories of implied warranty. The trial court overruled the motion and submitted both theories of implied warranty to the jury. We agree with the trial court that under the facts and circumstances in the case it was not error to instruct on both theories.

We adhere to the original opinion except as herein modified.