(618 P.2d 862)
No. 51,167

J & W EQUIPMENT, INC., *Appellee,* v. TOM WEINGARTNER, *Appellant,* v. J I CASE COMPANY, Appellee.

Opinion filed October 31, 1980.

*Alan D. Weber,* of Humboldt, for the appellant.

*James M. Immel* of Immel & Immel, of Iola, for the appellee J & W Equipment, Inc.

*Robert V. Talkington* and *P. J. Conderman,* of Iola, for the appellee J I Case Company.

Before FOTH, C.J., SWINEHART and MEYER, JJ.

SWINEHART, J.: This is an appeal raising the question of the sufficiency of a disclaimer of a warranty of merchantability as contained in a retail installment contract executed by J & W Equipment, Inc., as seller and Tom Weingartner as purchaser of a farm tractor.

Weingartner purchased a tractor manufactured by J I Case Company on October 31, 1972, from J & W Equipment, Inc. At that time, Weingartner signed a lengthy document entitled "Retail Installment Contract (Security Agreement)." The document consists of numbered paragraphs which contain the required

information on price, finance charges, annual percentage rates, payment schedules, default provisions, etc. The disputed part of the document includes paragraph 16 and an unnumbered paragraph which follows 16. The disputed portion appears as follows:

"16. Additional Terms and Conditions: THE ADDITIONAL TERMS AND CONDITIONS SET FORTH ON THE REVERSE SIDE HEREOF ARE A PART OF THIS CONTRACT AND ARE INCORPORATED HEREIN BY THIS REFERENCE.

"SELLER MAKES NO REPRESENTATIONS OR WARRANTIES EXPRESS OR IMPLIED (INCLUDING THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS) EXCEPT AS PROVIDED ON THE REVERSE-SIDE."

Below these paragraphs appears a larger, boldface section entitled "NOTICE TO PURCHASER,"with warning to the purchaser and notice that he or she may have various rights and remedies under the retail sales contract. This is followed by the signatures of the parties.

On the reverse side of the agreement are the additional terms and conditions referred to in paragraph 16 and the separate warranty section referred to in the unnumbered paragraph. The warranty provision is an express twelve-month warranty that J I Case Company will repair or replace defective parts.

Appellant Weingartner had a series of repairs made on the tractor which were covered under the express J I Case warranty. When problems with the tractor continued beyond the warranty period, J & W Equipment made the repairs on an open account, which eventually ran over $1,000. After Weingartner refused to pay for the repairs which were made on his tractor over two and one-half years after the warranty had expired, J & W sued on the account.

Weingartner denied liability and counterclaimed for a breach of the implied warranty of merchantability; Weingartner also cross-claimed against J I Case Company on a theory of breach of the implied warranty of merchantability. The district court dismissed the third-party petition against J I Case on a motion for summary judgment. Weingartner's counterclaim was also dismissed; eventually the trial court held for J & W Equipment on its suit on the open account. Weingartner appeals.

In cases such as this the question of the sufficiency of the exclusion, with modifying provision affecting implied warranties as provided in the UCC, is a question of law and is for the trial

court to decide. When such a decision is the basis of an appeal, as is the case under the facts set forth herein, and where the instrument containing the pertinent provision is in evidence and a part of the record, the scope of appellate review would be de novo in nature because the appellate court is afforded the same opportunity to consider the evidence and determine the question of law as to whether or not the disclaimer as contained in the contract was conspicuous. *Salt City Business College, Inc. v. Ohio Cas. Ins. Co.,* 4 Kan. App. 2d 77, 78, 602 P.2d 953 (1979).

The issue in this case is governed by the Uniform Commercial Code, specifically K.S.A. 84-2-316 and K.S.A. 1979 Supp. 84-1-201(10). In pertinent part, those statutes appear below:

"**84-2-316. Exclusion or modification of warranties. . . .**

"(2) Subject to subsection (3), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that 'There are no warranties which extend beyond the description on the face hereof.' "

K.S.A. 1979 Supp. 84-1-201(10):

" 'Conspicuous': A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals (as: NON-NEGOTIABLE BILL OF LADING) is conspicuous. Language in the body of a form is 'conspicuous' if it is in larger or other contrasting type or color. But in a telegram any stated term is 'conspicuous.' Whethera term or clause is 'conspicuous' or not is for decision by the court."

The Kansas appellate courts have not had many occasions to construe and apply these UCC sections. In *Christopher & Son v. Kansas Paint & Color Co.,* 215 Kan. 185, 523 P.2d 709, *modified* 215 Kan. 510, 525 P.2d 626 (1974), the Kansas Supreme Court found that a disclaimer of an implied warranty of fitness was not conspicuous because it appeared in smaller type than other information on the invoice. The court in that case, after construing K.S.A. 84-2-316(2) as to the implied warranty of fitness, stated: "Much of what we have said herein would also apply to an implied warranty of merchantability." 215 Kan. at 195.

In *Atlas Industries, Inc. v. National Cash Register Co.,* 216 Kan. 213, 531 P.2d 41 (1975), the court found a disclaimer ineffective because there was "no effort to make it conspicuous;

in fact, the provision for disclaimer is in much smaller type than the other provisions of the contract." 216 Kan. at 221.

The disclaimer in the present case is distinguishable from those in the *Christopher* and *Atlas* cases because an effort has obviously been made to make the disclaimer conspicuous. The disclaimer appears in capital letters in a separate unnumbered paragraph.

The trial court in this case found that the disclaimer was conspicuous and correctly stated the applicable test:

"I conclude that it [the disclaimer] is conspicuous. The entire paragraph 16 must be considered. That which appears in bold print adequately emphasizes not only the disclaimer but the terms of the warranty appearing on the reverse side and it meets the test of whether attention can reasonably be expected to be called to it."

Under the UCC, disclaimers of the implied warranty of merchantability are permitted but, if in writing, such disclaimers must be "conspicuous." K.S.A. 84-2-316(2). The merchantability warranty receives special treatment because, as the Official UCC Comment to 84-2-314 points out:

"11. . . . The warranty of merchantability, wherever it is normal, is so commonly taken for granted that its exclusion from the contract is a matter threatening surprise and therefore requiring special precaution."

Kansas consumer law has become increasingly protective in this area and the Kansas Consumer Protection Act, K.S.A. 50-623 *et seq.*, now prohibits the exclusion, modification or attempt to limit the implied warranties of merchantability and fitness. That prohibition does not apply in this case because the provisions of that act were not in force at the time the parties signed the security agreement. As a general policy, though, the law of commercial transactions permits disclaimers but construes them liberally in favor of the buyer. *Christopher & Son v. Kansas Paint & Color Co.,* 215 Kan. at 194.

The courts would evaluate the disclaimer primarily on the statutory elements of type contrast, size, and ink color. See K.S.A. 1979 Supp. 84-1-201(10).

The appellant argues for a restrictive approach; to support his argument, appellant claims that (1) the disclaimer, although in capital letters, is not in bold type and is actually smaller than some of the type in the surrounding paragraphs; (2) the placement of the disclaimer close to a much bolder type section (the Notice to Purchaser section) detracts from the disclaimer paragraph; and (3) the disclaimer paragraph does not expressly disclaim but

merely refers the purchaser to the express warranty provision on the reverse side of the agreement. Other arguments are made about the type face of the express warranty provision, the numbering of paragraphs, etc.

Appellee J & W Equipment urges a less restrictive approach which would allow the reader, including the courts, to evaluate the conspicuousness of the disclaimer by reference to the whole document, rather than by isolation of the elements of type size, color, and contrast.

For a summary of cases in other jurisdictions using both approaches, see Annot., 73 A.L.R.3d 248, § 8.

The Official UCC Comment to K.S.A. 1979 Supp. 84-1-201(10) favors the approach of using the statutory definitions only as a guideline:

"10. 'Conspicuous'. New. This is intended to indicate some of the methods of making a term attention-calling. But the test is whether attention can reasonably be expected to be called to it."

The approach urged by the appellee and suggested by the UCC Official Comment appears to be the better approach. Even a cursory glance at the cases construing these UCC sections highlights the myriad forms that disclaimers of implied warranties may take. A restrictive interpretation would encourage the seller to comply with only the minimum standards that can be gleaned from the case law.

As J & W Equipment points out, there are already restrictive regulations, such as the Federal Truth in Lending Act, Regulation Z, and the Kansas Uniform Consumer Credit Code, K.S.A. 16a-1-101 *et seq.,* which dictate type size and contrast for other retail sales contract provisions. Judging disclaimers solely by their type size and contrast can only add confusion for sellers trying to comply with all the regulations. The buyer is more fully protected by a definition of "conspicuous" which allows the courts to look at all the provisions of the document to see if attention is really drawn to the disclaimer. The factors of contrast, color, and type size are certainly relevant, but there are other factors that will need to be taken into account when examining individual documents.

There is no question that the disclaimer precisely complies with K.S.A. 84-2-316(2) which requires the disclaimer of the warranty of merchantability to use the specific term "merchan-

tability." Applying either of the two approaches discussed above in judging the disclaimer leads to the same conclusion: the disclaimer is sufficiently conspicuous.

Under K.S.A. 1979 Supp. 84-1-201(10), the security agreement disclaimer appears in capital letters, a contrasting type to the type faces surrounding it. Although the capitals are smaller than some of the other type surrounding them, the disclaimer as a whole is in a larger type size than the standard type used throughout the agreement. By a strict interpretation of the 84-1-201 standards, the disclaimer is conspicuous.

Using the broader approach, it is clear that while there are other boldface and noticeable sections of the document, the disclaimer is in distinctive type that draws the reader's attention to it. This is particularly so because the disclaimer does appear in an unnumbered paragraph.

The disclaimer's proximity to the Notice to Purchaser section merely increases the attention to the paragraph, particularly since item 1 in the notice section reads, "Do not sign this contract before you read it or if it contains blank spaces."

Other factors to be taken into account are the closeness of the disclaimer to the signature spaces in the agreement and the fact that the express warranty on the reverse side emphasizes the limitations of the disclaimer to the implied warranties.

The trial court's finding that the disclaimer of the implied warranty of merchantability was conspicuous is supported by either type of analysis applied above, and on appeal we so find on the grounds set forth herein.

Judgment affirmed.