(636 P.2d 788)

No. 52,419

VICTORY NATIONAL BANK OF NOWATA, Nowata, Oklahoma, a corporation, *Appellee,* v. DAVE STEWART, *Appellant,* and ROGER BOWSHIER and SHIRLEY BOWSHIER, *Third-Party Defendants.*

Opinion filed November 19, 1981.

*Jon R. Viets* of Hall, Levy, Lively, Viets & DeVore, of Coffeyville, for the appellant.

*Morris D. Hildreth* of Becker, Hildreth, Eastman and Gossard, of Coffeyville, for the appellee.

Before JUSTICE McFARLAND, presiding, SPENCER, J., and MARVIN O. BRUMMETT, District Judge Retired, assigned.

SPENCER, J.: This is an appeal by defendant Stewart from judgment entered against him on plaintiff's claim for conversion of an automobile in which plaintiff had a security interest perfected under the laws of Oklahoma.

This cause was submitted on stipulated facts as follows:

"1. That the defendant, Dave Stewart, was a used car dealer, had a dealers license, and bought and sold used cars. His dealership in 1977 was located at 1501 West Eighth Street, Coffeyville, Kansas.

"2. That on December 10, 1975, Roger Bowshier and Shirley Bowshier executed and delivered to plaintiff a security agreement covering a 1976 Chrysler Cordoba, and plaintiff in accordance with the laws of Oklahoma perfected its security interest therein in Nowata County, Oklahoma, by filing with the County Clerk. . . .

"3. On January 17, 1977, plaintiff learned that the automobile had been removed to Kansas, and filed 'notice of its security interest' in the office of the Register of Deeds of Montgomery County, Kansas. . . .

"4. That Shirley Bowshier was a resident of the State of Oklahoma on February 25, 1977, and in April, 1977, moved to Kansas. . . .

"5. That on February 25, 1977, and within Montgomery County, Kansas, Shirley Bowshier sold the said 1976 Cordoba to defendant Dave Stewart, and defendant Stewart paid full value therefor. Subsequently, the said automobile remained in the State of Kansas on his used car lot at 1501 West Eighth Street, Coffeyville, Kansas, and he exercised control over it until he sold it to Darlene Tehee in June, 1978. . . .

"6. That on February 25, 1977, Shirley Bowshier conveyed the said 1976 Chrysler Cordoba to defendant Stewart by an undated assignment of the Oklahoma title. . . . That defendant Stewart acquired all the right, title and interest of defendant Shirley Bowshier in the 1976 Cordoba by reason of the said sale and assignment subject, however, to any valid security interest of the plaintiff.

"7. That the security interest of Victory National Bank was not noted on the Oklahoma title assigned by Bowshier to Stewart.

"8. A clear, unencumbered Kansas certificate of title to said automobile was subsequently obtained by defendant Stewart.

"9. That at the time of the assignment of title to defendant Stewart, February 25, 1977, defendant Stewart, his agents and employees, had no actual knowledge of plaintiff's security interest and had no such knowledge for more than four (4) months following the date of said assignment.

"10. That at the time of the assignment of the title to defendant, February 25, 1977, defendant Stewart, his agents and employees did not call the County Clerk's Office in Nowata, Oklahoma to ascertain whether there were any encumbrances on the 1976 Cordoba.

"11. Dave Stewart knew that Shirley Bowshier was a resident of Oklahoma at the time he acquired the 1976 Cordoba on February 25, 1977.

"12. That at the time of the assignment of title to defendant Stewart, Shirley Bowshier expressly warranted that the said 1976 Chrysler Cordoba was not subject to any lien or encumbrance.

"13. That plaintiff made no claim for possession or conversion of the said 1976 Chrysler Cordoba against defendant Stewart within four (4) months of the date of sale of the same and its removal from the State of Oklahoma.

"14. That these proceedings were instituted by plaintiff against defendant Stewart for conversion on January 12, 1978.

"15. That in the event the Court finds that plaintiff had valid security interest in the 1976 Cordoba at the time it was purchased by Stewart, plaintiff is entitled to judgment against defendant Stewart in the amount of $2,708.39 with interest thereon at the rate of $.768 per day from the 18th day of December, 1979."

Based on these facts, the trial court found in favor of plaintiff and entered judgment accordingly. The parties are in agreement that the transfer of title from Shirley Bowshier to defendant Stewart on February 25, 1977, was valid and conveyed to Stewart all of her right, title and interest in the automobile. It is also agreed that plaintiff's security interest in the automobile had been perfected in accordance with the laws of Oklahoma, and that the controlling issue now before this court is the status of plaintiff's security interest at the time this case was commenced on January 12, 1978.

At the outset, we note that where as here the controlling facts of a case are submitted to the trial court by stipulation, the trial court has no peculiar opportunity to evaluate the evidence. In such a situation an appellate court has as good an opportunity to examine and consider the evidence as did the trial court and to determine de novo what the facts establish. *Stith v. Williams,* 227 Kan. 32, Syl. ¶¶ 1, 2, 605 P.2d 86 (1980); *J & W Equipment, Inc. v. Weingartner,* 5 Kan. App. 2d 466, Syl. ¶ 2, 618 P.2d 862 (1980).

The trial court noted that Stewart, as a licensed used car dealer at Coffeyville which is near the Oklahoma line, should have been familiar with the laws of that state and, had he checked with the Nowata County Clerk, could easily have ascertained that plaintiff had a valid perfected security interest in the automobile. The trial judge also noted that a printed statement on the Oklahoma certificate of title to the effect that the Oklahoma Tax Commission "is not an office of record for the filing of liens and does not guarantee the statement as to liens and the certificate of title," was itself sufficient to place Stewart on notice. Further, that although Stewart may not have had actual knowledge of plaintiff's security interest, he had knowledge sufficient to place him on notice that

such a lien might well have existed and, under the facts and circumstances, was under an absolute obligation to make inquiry. The trial court also concluded the four-month period referred to in K.S.A. 1980 Supp. 84-9-103(1)(*d*) did not apply to this transaction as Stewart was a dealer and not a buyer of consumer goods, and that the four-month period referred to was not an issue in the case since at the time of the transfer of title his assignor was an actual resident of Nowata County, Oklahoma. While portions of the court's findings may be justified, they are not relevant to the proper construction of the portions of the Uniform Commercial Code governing this transaction.

K.S.A. 1980 Supp. 84-9-103 pertains to perfection of security interests in multiple state transactions. Since its amendment in 1975 to conform with revised Article 9 of the Uniform Commercial Code of 1972, it is comprised of five subsections, each dealing with a different type of property. In their briefs, the parties concur that subsections (2), (3), (4) and (5) are not applicable for the reasons the laws of Oklahoma do not require indication of a security interest on the certificate of title as a condition of perfection; and we are not here dealing with equipment or inventory leased or held for lease by the debtor to others, with a possessory security interest in chattel paper, or with an interest in minerals or the like. By deduction, the parties agree the provisions of K.S.A. 1980 Supp. 84-9-103(1) control. Relevant portions of that statute are:

"(*b*) *Except as otherwise provided in this subsection,* perfection and the effect of perfection or non-perfection of a security interest in collateral are governed by the law of the jurisdiction where the collateral is when the last event occurs on which is based the assertion that the security interest is perfected or unperfected." Emphasis added.

"(*d*) When collateral is brought into and kept in this state while subject to a security interest perfected under the law of the jurisdiction from which the collateral was removed, the security interest remains perfected, *but if action is required by part 3 of this article to perfect the security interest,* (i) *if the action is not taken before the expiration of the period of perfection in the other jurisdiction or the end of four months after the collateral is brought into this state, whichever period first expires, the security interest becomes unperfected at the end of that period and is thereafter deemed to have been unperfected as against a person who became a purchaser after removal;* (ii) if the action is taken before the expiration of the period specified in subparagraph (i), the security interest continues perfected thereafter . . . ." Emphasis added.

It was stipulated that plaintiff learned the automobile had been

removed to Kansas on January 17, 1977, at which time it filed "notice of its security interest" in the office of the Register of Deeds of Montgomery County, Kansas. It appears plaintiff sought thereby to perfect its security interest in this state; but the action required by part 3 of Article 9 to do so is set forth in K.S.A. 1980 Supp. 84-9-302(3), which provides:

"A security interest in

. . . . .

"(c) a vehicle (except a vehicle held as inventory for sale) subject to a statute of this state which requires indication on a certificate of title or a duplicate thereof of such security interests in such vehicle:

"Can be perfected only by presentation, for the purpose of such registration or such filing or such indication, of the documents appropriate under any such statute to the public official appropriate under any such statute and tender of the required fee to or acceptance of the documents by such public official, or by the mailing or delivery by a dealer or secured party to the appropriate state agency of a notice of security interest as prescribed by K.S.A. 8-135, and amendments thereto. Such presentation and tender or acceptance, or mailing or delivery, shall have the same effect under this article as filing under this article, and such perfection shall have the same effect under this article as perfection by filing under this article."

K.S.A. 1980 Supp. 84-9-103(1)(d), as applied to this case, simply provides that when the automobile was brought into Kansas with plaintiff's security interest perfected under the laws of Oklahoma, the state from which the collateral was removed, it remained perfected for as long as the period of perfection would have continued in Oklahoma or for a period of four months after the automobile was brought into Kansas, whichever period was the lesser; provided, however, that within such lesser period the plaintiff had taken action to perfect its security interest in accordance with K.S.A. 1980 Supp. 84-9-302 *et seq.* Clark, The Law of Secured Transactions Under the Uniform Commercial Code § 9.4 [1] (1980). This is concisely set forth in Official UCC Comment 7 to K.S.A. 1980 Supp. 84-9-103, which states in part:

"In addition to the foregoing rules defining which jurisdiction governs perfection of a security interest in the first instance, 'this state' (*i.e.,* a destination state after removal) adds its own rules requiring reperfection following removal of collateral other than that described in subsections (2), (3) and (5). 'This state' will for four months recognize perfection under the law of the jurisdiction from which the collateral came, unless the remaining period of effectiveness of the perfection in that jurisdiction was less than four months (paragraph (1)(d)). After the four-month period or the remaining period of effectiveness, whichever is shorter, the secured party must comply with perfection requirements in this state. . . . .

"The four-month period is long enough for a secured party to discover in most

cases that the collateral has been removed and refile in this state; thereafter, *if he has not done so, his interest, although originally perfected in the jurisdiction from which the collateral was removed, is subject to defeat here by purchasers of the collateral.*

. . . .

"*In case of delay beyond the four-month period, there is no 'relation back'; and this is also true where the security interest is perfected for the first time ir this state.*" Emphasis added.

Notice of its security interest filed in the office of the Register of Deeds of Montgomery County, Kansas, was not sufficient to perfect plaintiff's security interest in the automobile. Perfection of that interest would have required the filing of proper documentation with the division of vehicles of the Kansas Department of Revenue in the manner set forth in K.S.A. 1980 Supp. 8-135(*c*)(6) within four months after the automobile was brought into this state. Having failed to do so, plaintiff's interest became unperfected at the end of that period and is deemed to have been unperfected as against defendant Stewart, the purchaser for value who had no actual knowledge of plaintiff's interest. The fact Stewart was in business as a used car dealer at the time does not alter the situation.

It having been determined that plaintiff's security interest, although perfected in Oklahoma, became unperfected for failure to comply with the laws of this state, the remaining issue on appeal is whether for that reason Stewart obtained priority over plaintiff's unperfected security interest.

K.S.A. 1980 Supp. 84-9-301(1) provides in part:

"Except as otherwise provided in subsection (2), an unperfected security interest is subordinate to the rights of

. . . .

"(*c*) in the case of goods, instruments, documents, and chattel paper, a person who is not a secured party and who is a transferee in bulk or other buyer not in ordinary course of business . . . to the extent that he gives value and receives delivery of the collateral without knowledge of the security interest and before it is perfected . . . ."

The term "buyer in ordinary course of business" is defined in K.S.A. 1980 Supp. 84-1-201(9) as a person who in good faith and without knowledge that the sale to him is in violation of a security interest of a third party, buys in ordinary course *from a person in the business of selling goods of that kind.* There is no contention here that the Bowshiers were in the business of selling automobiles. Inasmuch as the agreed facts are that Stewart did not

purchase the automobile from persons in the business of selling automobiles and that he had no actual knowledge of plaintiff's security interest at the time of his purchase, and inasmuch as plaintiff did not perfect its security interest as hereinbefore noted, it must follow that plaintiff's interest was subordinate to the rights of defendant Stewart.

Because of amendments to the relevant statutes, the case of *American State Bank v. White*, 217 Kan. 78, 535 P.2d 424 (1975), no longer governs the factual situation presented in this cause. K.S.A. 1980 Supp. 84-9-103(1)(*d*)(i).

Because the trial court found in favor of plaintiff as against defendant Stewart, judgment was also entered in favor of Stewart as against third-party defendant Shirley Bowshier. Although the third-party defendant did not appeal, in light of our findings as set forth in this opinion, it follows that Stewart is entitled to no further relief.

Reversed and remanded with directions to enter judgment for defendant Dave Stewart, and to vacate and set aside the judgment entered in favor of defendant Dave Stewart against the third-party defendant Shirley Bowshier.