**UNIFIED SCHOOL DISTRICT NO. 500 and Unified School District No. 512, Plaintiff,**

v.

**UNITED STATES GYPSUM COMPANY, et al., Defendants.**

Civ. A. No. 88–2012–O.

United States District Court, D. Kansas.

Aug. 2, 1989.

Kenneth B. McClain, Steven P. Callahan, Humphrey, Farrington & McClain, P.C., Independence, Mo., James R. Goheen, Bill E. Fabian, McAnany, Van Cleave & Phillips, Kansas City, Kan., P. Stephen Martin, Bennett, Lytle, Wetzler, Winn, and Martin, Prairie Village, Kan., for plaintiff.

Donald C. Bollard, Deacy & Deacy, Overland Park, Kan., Dale L. Beckerman, Keith A. Cary, Spencer J. Brown/Penny G. Newman, Deacy & Deacy, Kansas City, Mo., Gordon E. Wells, W. Joseph Hatley, Lathrop, Koontz & Norquist, Overland Park, Kan., Hoyle, Morris & Kerr, Philadelphia, Pa., Robert L. Driscoll, John C. Aisenbrey, Gregg F. Lombardi, Stinson, Mag & Fizzell, Elizabeth M. Drill, Brown, Koralchik & Fingersh, Kansas City, Mo., Julie A.N. Sample, Overland Park, Kan., Brett C. Coonrod, Deacy & Deacy, Prairie Village, Kan., Thomas J. Wheatley, Thomas A. Ryan, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER

### EARL E. O'CONNOR, Chief Judge.

This matter is before the court on three motions: (1) the motion of the defendant National Gypsum Company (National Gypsum) for partial summary judgment, (2) the similar motion of the defendant United States Gypsum Company (U.S. Gypsum) for partial summary judgment, and (3) the motion of the plaintiffs Unified School District No. 500 and Unified School District No. 512 (school districts) to strike the defendants' summary judgment motions and to impose sanctions against National Gypsum and U.S. Gypsum.

The pertinent facts are few:[1] Asbestos-containing products, which were manufactured by the defendants, were installed in the school districts' buildings no later than 1972. The complaint in this action, which regards the asbestos-containing products, was filed in 1988. In counts 3 (strict liability), 4 (negligence), 5 (misrepresentation), 9 (conspiracy), and 10 (restitution), the school districts seek to recover under various state common law theories. National Gypsum and U.S. Gypsum seek summary judgment on these counts, contending that the Kansas statute of repose bars the school districts' actions. The plaintiffs disagree and contend that sanctions against the defendants are warranted under Federal Rule of Civil Procedure 11. Based on the following discussion, we will deny the motions of all parties.

When considering a motion for summary judgment, we must examine all evidence in the light most favorable to the opposing party. *Prochaska v. Marcoux*, 632 F.2d 848, 850 (10th Cir.1980), *cert. denied*, 451 U.S. 984, 101 S.Ct. 2316, 68 L.Ed.2d 841 (1981). If the moving party bears the burden of proof at trial, he must show, through pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *See* Fed.R. Civ.P. 56(c). If the moving party does not bear the burden of proof, he must show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

---

1. The school districts contend that the court should strike National Gypsum's motion because it fails to set forth the facts as required under D.Kan. Rule 206. We disagree. The motion itself, rather than the supporting memorandum, sets forth the pertinent facts. References to the record are absent, but given the simplicity of the facts, we decline to strike the motion for this reason.

This burden is met when the moving party identifies those portions of the record demonstrating an absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. at 2552.

If the moving party meets his requirement, the burden shifts to the nonmoving party, who "must set forth *specific facts* showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986) (emphasis added). The trial judge then determines whether a trial is needed—"whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.*

■ Under Kansas law, statutes of limitation do not run against the state unless specifically provided by the statute. *See Twin City Fire Insurance Co. v. Bell,* 232 Kan. 813, 819, 658 P.2d 1038, 1043 (1983). Moreover, statutes of limitations do not apply to causes of action which arise out of governmental functions. *See State ex rel. Stephan v. GAF Corp.,* 12 Kan.App.2d 123, 736 P.2d 465, 470 (Kan.Ct.App.1987), *aff'd as to this finding,* 242 Kan. 152, 747 P.2d 1326 (1987). This action, which concerns the installation of the asbestos-containing products in the school districts' buildings, arises out of a governmental function. *See Unified School District No. 490 v. Celotex Corp.,* 6 Kan.App.2d 346, 351, 629 P.2d 196, 203 (1981) ("[t]he construction of a school building is incidental to and a part of the state's overall duty to provide public education for the citizens or the state," and "[t]he operation of a high school building by a school board is a governmental function"). Thus, statutes of limitation are not applicable to this action.

■ National Gypsum and U.S. Gypsum contend, however, that the school districts' common law, non-contractual claims are precluded by a statute of repose, rather than a statute of limitations. They assert that "statutes of repose extinguish a plaintiff's right and thereby affect substantive rights, whereas statutes of limitation only place limitations upon a plaintiff's remedy and affect procedural rules." Moreover, they contend, statutes of repose bar claims even where the plaintiff is a state.

■ As we stated in *Board of Trustees of Johnson County Community College v. United States Gypsum,* No. 88–2031–O, slip op. at 5, 1989 WL 85084 (D.Kan., *unpublished,* July 17, 1989), we are unconvinced that Kansas distinguishes between statutes of repose and statutes of limitation. Moreover, even if such a distinction is made, we disagree with the defendants' argument that a statute of repose is at issue here; instead, the relevant statute is a statute of limitation. K.S.A. 60–513(b) provides as follows:

(a) The following actions shall be brought within two years:

\* \* \* \* \* \*

(4) An action for injury to the rights of another, not arising on contract, and not herein enumerated.

\* \* \* \* \* \*

(b) Except as provided in subsection (c), the causes of action listed in subsection (a) shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, *but in no event shall an action be commenced more than 10 years beyond the time of the act giving rise to the cause of action.*

(c) A cause of action arising out of the rendering of or the failure to render professional services by a health care provider shall be deemed to have accrued at the time of the occurrence of the act giving rise to the cause of action, unless the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, but in no event shall such an action be commenced more than four years beyond the time of the act giving rise to the cause of action.

K.S.A. 60–513 (emphasis added).

Assuming for the moment that Kansas does distinguish between repose and limita-

tion, the key issue is whether the ten-year period provided by K.S.A. 60–513(b) is a period of limitation or a period of repose. No Kansas cases addressing this point have been found. However, the Kansas Supreme Court has construed subsection (c) of K.S.A. 60–513. *See Stephens v. Snyder Clinic Association,* 230 Kan. 115, 631 P.2d 222 (1981). Subsection (c), as seen above, includes a four-year period, but otherwise contains language which is quite similar to that found in subsection (b): Both subsections refer to the "period of limitations," and both state that "in no event shall such an action be commenced more than [ten or four] years beyond the time of the act giving rise to the cause of action."

In *Stephens,* the court repeatedly referred to the four-year period provided in subsection (c) as a statute of limitations. Moreover, National Gypsum and U.S. Gypsum contend that the hallmark of a statute of repose is its affect on substantive rights rather than remedies. In *Stephens,* the court found the four-year limitation period to be constitutional and not to violate the requirement of equal protection of personal or property rights, relying at one point on the fact that a statute of limitation affects only remedies, not rights. *See id.* at 128–29, 631 P.2d at 233–34.

Further, had the Kansas legislature intended that section 60–513 include a two-year limitation period and a ten-year period of repose, it would have drafted the section differently. *See* K.S.A. 60–3303 (which specifically refers to a "period of repose," indicating legislative cognizance of the term). K.S.A. 60–513(b) includes no mention of repose, bolstering support for the conclusion that the ten-year period is a statute of limitation.

Finally, no inconsistency arises from the finding that subsection (a) refers to a statute of limitations of two years, whereas subsection (b) refers to a statute of limitations of ten years. Subsection (b) sets forth circumstances in which the two-year period of subsection (a) may be extended,

and then, in its concluding phrase, simply includes a restriction on the extension. *See Stephens v. Snyder Clinic Association,* 230 Kan. 115, 122, 631 P.2d 222, 229 (1981).

Therefore, we conclude that the ten-year period included in K.S.A. 60–513(b) is a statute of limitations. As such, it is inapplicable to the school districts' causes of action. The defendants' motions will thus be denied.

The school districts urge us to impose sanctions under Federal Rule of Civil Procedure 11, contending that the summary judgment motions were "completely meritless" and were "the type of analytic fatuousness contemplated by Rule 11." Although we reject the arguments of National Gypsum and U.S. Gypsum in their summary judgment motions, we are not of the opinion that Rule 11 sanctions are warranted.

IT IS THEREFORE ORDERED that the plaintiff school districts' motion to strike is denied.

IT IS FURTHER ORDERED that the summary judgment motion of the defendant National Gypsum is denied.

IT IS FURTHER ORDERED that the summary judgment motion of the defendant U.S. Gypsum is denied.

IT IS FURTHER ORDERED that the plaintiff school districts' motion for Rule 11 sanctions is denied.