UNIFIED SCHOOL DISTRICT
NO. 500, et al., Plaintiffs,

v.

UNITED STATES GYPSUM COMPANY,
et al., Defendants.

Civ. A. No. 88–2012–V.

United States District Court,
D. Kansas.

March 31, 1992.

See also 719 F.Supp. 1003; 788 F.Supp. 1173.

P. Stephen Martin, Bennett, Lytle, Wetzler, Winn & Martin, Prairie Village, Kan., James R. Goheen, McAnany, Van Cleave & Phillips, P.A., Kansas City, Kan., Kenneth B. McClain, Steven P. Callahan, Humphrey, Farrington & McClain, Independence, Mo.,

Bill E. Fabian, Laguna Vista, Tex., for Unified School Dist. No. 500, et al.

Dale L. Beckerman, Spencer J. Brown, Keith A. Cary, Penny G. Newman, Deacy & Deacy, Kansas City, Mo., Brett C. Coonrod, Deacy & Deacy, Prairie Village, Kan., for U.S. Gypsum Co.

Robert L. Driscoll, John C. Aisenbrey, Gregg F. Lombardi, Stinson, Mag & Fizzell, Kansas City, Mo., Elizabeth Goddard, Prairie Village, Kan., for W.R. Grace and Co.

Gordon E. Wells, Jr., W. Joseph Hatley, Lathrop & Norquist, Overland Park, Kan., Thomas J. Wheatley, Thomas A. Ryan, Lathrop & Norquist, Kansas City, Mo., for National Gypsum Co.

Leland H. Corley, Lewis, Rice & Fingersh, Overland Park, Kan., Elizabeth M. Drill, Lewis, Rice & Fingersh, Kansas City, Mo., for Celotex Corp.

MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This case is before the court on the motion (Doc. 278) of defendant W.R. Grace & Co.—Conn. (Grace) for partial summary judgment pursuant to Fed.R.Civ.P. 56(b). Plaintiffs oppose (Doc. 291) the motion. The motion is denied.

This is a products liability action in which plaintiffs seek damages from defendants Grace, United Gypsum Company, National Gypsum Company, and The Celotex Corporation for the removal and replacement of asbestos-containing building materials.[1] Plaintiffs claim that the defendants sold them asbestos-containing acoustical plasters, fireproofing materials, and ceiling tile for installation in their schools and that they incurred damages as a result. Plaintiffs' claims are based on theories of restitution, strict liability, negligence, fraudulent misrepresentation, and breach of implied and express warranties. Defendant Grace contends that it is entitled to summary judgment on all of plaintiffs' claims, except those asserted under the theory of fraudulent misrepresentation.

---

1. Defendants National Gypsum Company and The Celotex Corporation have filed for bankruptcy. The case is stayed as to those defendants. 11 U.S.C. § 362.

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be discharged by "showing," that is, pointing out to the district court, that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported its motion for summary judgment, "a party opposing ... may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.*

The pertinent uncontroverted facts of the case are as follows. Defendant Grace was incorporated in 1899. Defendant Grace did not manufacture asbestos-containing building materials until April, 1963, when it purchased the assets of the Zonolite Company. Prior to and after April, 1963, plaintiffs erected a number of buildings and installed asbestos-containing building materials in those buildings. One of the asbestos-containing building materials used in the buildings was a product manufactured by the Zonolite Company and defendant Grace.

In late 1979 and early 1980, plaintiffs discovered that a number of their buildings were contaminated with asbestos. In 1987, plaintiffs learned the identities of the manufacturers of the products installed in their buildings. In November, 1987, plaintiffs sent notice to those manufacturers, including defendant Grace, of the contamination. On January 12, 1988, plaintiffs brought this action to recover removal and replacement costs from defendants.

In its motion, defendant Grace contends that it is entitled to judgment as a matter of law on plaintiffs' claims of restitution (or unjust enrichment), strict liability, negligence, and breach of implied and express warranties. Defendant Grace also contends that it is entitled to summary judgment on plaintiffs' claims for punitive damages. The court will address each of the noted claims in the light of defendant Grace's contentions in support of its motion for partial summary judgment.

Defendant Grace argues first that this case is barred by the applicable statute of limitations, K.S.A. 60–513(b). Before the case was transferred, Judge O'Connor rejected this same argument when it was advanced by defendant Grace's co-defendants. *See Unified School District No. 500 v. U.S. Gypsum Co.*, 719 F.Supp. 1003; (S.D.Kan.1989); *also Board of Trustees of Johnson County Community College v. United States Gypsum Co.*, No. 88–2031–0, 1989 WL 85084 (D.Kan. Jul. 17, 1989). For the reasons stated in those opinions, the court rejects defendant Grace's statute of limitations argument.

■ Defendant Grace argues next that plaintiffs' strict liability and negligence claims fail because plaintiffs seek recovery for simple economic loss. Under Kansas law, a party may not recover damages for simple economic loss under theories of strict liability and negligence. *See Broce-O'Dell Concrete Products, Inc. v. Mel Jarvis Constr. Co., Inc.*, 6 Kan.App.2d 757, 760, 634 P.2d 1142 (1981) (liability and damages are governed by breach of contract principles where injury is simple economic loss). In this case, plaintiffs have shown that there is a question of fact whether they have suffered property damage as well as economic loss. Because there is a genuine issue of material fact, defendant Grace's motion for partial summary judgment on this ground is denied.

Defendant Grace contends next that it is entitled to summary judgment on plaintiffs' breach of implied and express warranty claims because plaintiffs are not in

privity with it and because plaintiffs failed to give adequate notice of any alleged breach as required by K.S.A. 84–2–607(3)(a). The Kansas Supreme Court has abolished the requirement of privity when the claim is for property damage. *See* K.S.A. 84–2–318, 1983 Comment ("Even pre-Code case law abolished both vertical and horizontal privity, at least in cases involving consequential damage to person or to property"); *also Chandler v. Anchor Serum Co.,* 198 Kan. 571, 426 P.2d 82 (1967). The court has already concluded that there is a question of fact whether plaintiffs incurred property damage. The court also concludes that there is a question of fact whether plaintiffs provided defendant Grace with notice of the alleged breach within a reasonable time after discovering it. *See Brunner v. Jensen,* 215 Kan. 416, 428–29, 524 P.2d 1175 (1974) (whether a buyer has notified a seller of a breach of warranty within a reasonable time is a question of fact to be determined from all the facts and circumstances of the case). Because there are genuine issues of material fact, defendant Grace's motion for partial summary judgment as it pertains to plaintiffs' claims for breach of implied and express warranties is denied.

Defendant Grace contends that plaintiffs' restitution claims fail as a matter of law. The court rejected this same argument, advanced by defendant Grace's co-defendant, in its Memorandum and Order of March 27, 1992. *See Unified School Dist. No. 500 v. United States Gypsum Co.,* 788 F.Supp. 1173 (D.Kan.1992). For the reasons stated in that Memorandum and Order, defendant Grace's motion for partial summary judgment on this ground is denied.

■ Defendant Grace contends further that it is entitled to summary judgment on any claim for removal and replacement of asbestos-containing building materials from the Administration Building operated by plaintiff Unified School District No. 500. Defendant Grace contends that plaintiff Unified School District No. 500 does not own that building and that it lacks standing to recover damages for any alleged contamination of it. The court rejects this argument because there is a question of fact whether plaintiff Unified School District No. 500 owns the Administration Building. Defendant Grace's motion on this ground is denied.

Defendant Grace contends finally that it is entitled to summary judgment on plaintiffs' claims for punitive damages. The court finds defendant Grace's contention wholly unpersuasive and consequently rejects it.

IT IS, THEREFORE, BY THE COURT ORDERED that the motion (Doc. 278) of defendant W.R. Grace & Co.—Conn. for partial summary judgment is denied.

Copies of this Memorandum and Order shall be mailed to counsel of record for the parties.

IT IS SO ORDERED.