**KELLEY METAL TRADING COMPANY, Plaintiff,**

v.

**AL–JON/UNITED, INC., Defendant.**

No. 92–4116–R.

United States District Court, D. Kansas.

Jan. 12, 1993.

Donald Patterson, Fisher, Patterson, Sayler & Smith, Topeka, KS, Elliot M. Kaufman, Ronald H. Isroff, F. Thomas Vickers, James A. DeRoche, Ulmer & Berne, Cleveland, OH, for Kelley Metal Trading Co.

John H. Stauffer, Jr., Harold S. Youngentob, Curtis S. Sneden, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, Mark I. Wallach, David James Carney, Calfee, Halter & Griswold, Cleveland, OH, for Al–Jon/United, Inc.

## MEMORANDUM AND ORDER

ROGERS, Senior District Judge.

This lawsuit arises from the plaintiff's purchase of a wire-reclamation furnace from the defendant. Plaintiff has asserted claims of fraudulent misrepresentation, negligent misrepresentation, breach of implied warranty, breach of express warranty, and negligence. Plaintiff seeks economic damages in excess of $650,000.00. This matter is presently before the court upon defendant's motion to dismiss (Doc. # 38).

In its motion, defendant has addressed each of the claims asserted by the plaintiff. Defendant contends that it is entitled to dismissal of all of the plaintiff's claims except for plaintiff's claims based upon breach of express warranties. As to these claims, defendant contends that plaintiff's remedy is limited by an agreement reached by the parties.

▮▮▮ In deciding a motion to dismiss, the court must accept as true on their face the well-pleaded allegations of the complaint, and all reasonable inferences are made in favor of plaintiff. *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir.1987). Dismissal of a cause of action for failure to state a claim upon which relief can be granted is appropriate only if it appears that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). The issue is not whether plaintiff will ultimately prevail, but whether plaintiff is entitled to offer evidence in support of the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1976). The court may not consider material beyond the pleadings unless it is submitted or attached as part of the complaint. *Adams v. Walker*, 767 F.Supp. 1099, 1103 (D.Kan.1991).

## Fraudulent Misrepresentation Claims

In its amended complaint, plaintiff contends it justifiably relied upon the following false misrepresentations in purchasing the wire-reclamation furnace from the defendant:

(a) although the Al–Jon/United wire reclamation furnace could not process wire with polyvinyl chloride (PVC) or polychlorinated biphenyls (PCB) insulation, such wire accounted for only a small percentage of scrap wire available in the market and that PVC and PCB insulated wire was easily and economically identifiable and capable of being separated from other wire, etc.;

(b) the Al–Jon/United reclamation furnace could pass EPA pollution tests, and the Ohio EPA would approve the operation of the Al–Jon/United reclamation furnace and issue a permit to Kelly Metal to operate;

(c) the Al–Jon/United wire reclamation furnace would legally process 250 to 300 pounds per hour of combustible insulation.

Defendant contends that it is entitled to dismissal of these claims based upon two arguments. Concerning the claims relating to the furnace itself, the defendant makes two arguments. Defendant contends initially that, as a matter of law, plaintiff's misrepresentation claims are barred by the contract because the parties agreed to certain damages if the installation and operation of the furnace were not successful. Defendant also argues that it is entitled to dismissal of these claims as a matter of fact. It contends that the documents attached to the plaintiff's complaint demonstrate the plaintiff could not have reasonably relied upon these representations. Specifically, defendant points to certain provisions of the purchase agreement and to a letter which became part of the purchase agreement. As to the claims relating to the wire, the defendant also argues that the plaintiff could not have reasonably relied upon these representations, but it raises a different rationale for this contention. Defendant asserts that the plaintiff could have investigated the truth of these statements and, therefore, any reliance by the plaintiff upon these representations was unreasonable.

▮▮▮ In order to state and prove a fraud claim in Kansas, there must be an allegation and proof of reasonable reliance upon the alleged misrepresentation. *See Slaymaker v. Westgate State Bank*, 241 Kan. 525, 739 P.2d 444, 450 (1987). The court finds that the plaintiff has adequately alleged claims of fraudulent misrepresentation relating to the furnace and to the wire. As to the representations concerning the furnace, we believe that it would be improper to dismiss these claims upon a motion to dismiss. We find nothing in Kansas law which precludes the plaintiff from pursuing its fraud claims at this point. The fact that the parties had en-

tered into a contract does not necessarily preclude plaintiff from asserting fraudulent misrepresentation claims. Moreover, the defendant's argument concerning plaintiff's failure to demonstrate reasonable reliance upon the representations about the furnace is without merit. Such an argument is better made in a motion for summary judgment when the court can consider all of the facts present concerning the plaintiff's purchase of the furnace. Finally, the claims directed to the representations concerning the wire are clearly not appropriate for dismissal. The defendant's contention that dismissal is proper because plaintiff had the opportunity to investigate and obtain the necessary information that the statements were false is without merit. As pointed out by the plaintiff, Kansas law allows the recipient of fraudulent misrepresentations to justifiably rely upon their truth without investigation unless he knows or has reason to know of facts which make his reliance unreasonable. *Goff v. American Savings Ass'n of Kansas*, 1 Kan.App.2d 75, 561 P.2d 897, 903 (1977). *See also K–B Trucking Co. v. Riss International Corp.*, 763 F.2d 1148, 1158 (10th Cir.1985). Whether the plaintiff should have relied upon the representations made by the defendant cannot be decided on a motion to dismiss. Accordingly, we find no basis for dismissal of any of the plaintiff's fraudulent misrepresentation claims.

### Negligent Misrepresentation/Negligence Claims

■ Plaintiff's negligent misrepresentation claims are based upon the same representations as the fraudulent misrepresentation claims. Plaintiff has also asserted a negligence claim in which it claims that the defendant was negligent or grossly negligent in the design, manufacture, fabrication, sale and installation of the wire-reclamation furnace. The defendant contends it is entitled to dismissal of all of these claims because the plaintiff has indicated that it suffered only economic damages as a result of the defendant's negligence. In a reply brief, the defendant correctly points out that the plaintiff has failed to respond to these arguments.

■ In Kansas, a negligence action is unavailable if only economic damages are sought. *Haysville U.S.D. No. 261 v. GAF Corp.*, 233 Kan. 635, 666 P.2d 192, 199 (1983); *Broce–O'Dell Concrete Products, Inc. v. Mel Jarvis Construction Co., Inc.*, 6 Kan.App.2d 757, 634 P.2d 1142, 1145 (1981). *See also Daitom, Inc. v. Pennwalt Corp.*, 741 F.2d 1569, 1581 (10th Cir.1984); *U.S.D. No. 500 v. United States Gypsum Co.*, 788 F.Supp. 1178, 1179 (D.Kan.1992); *Nature's Share, Inc. v. Kutter Products, Inc.*, 752 F.Supp. 371, 380 (D.Kan.1990). The damages sought by plaintiff in its complaint—cost of furnace; costs associated with preparation, installation and testing of furnace; lost profits and business—fall squarely within the definition of purely economic loss. *See Professional Lens Plan, Inc. v. Polaris Leasing Corp.*, 234 Kan. 742, 675 P.2d 887 (1984). Accordingly, the court finds that the plaintiff's claims for negligent misrepresentation and negligence shall be dismissed for failure to state a claim upon which relief can be granted.

### Breach of Implied Warranties

■ Plaintiff has asserted claims of breach of the implied warranties of fitness and merchantability. The defendant contends that it is entitled to dismissal on these claims because the contract entered into by the parties specifically excluded them. In response, plaintiff contends that the disclaimer is invalid because it is not conspicuous.

A contract in Kansas may by its language exclude or modify the implied warranties of fitness and merchantability as long as the contract mentions the word "merchantability" and is written and conspicuous. K.S.A. 84–2–316. Conspicuous is defined by K.S.A. 84–1–201(10):

A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals (as: NON–NEGOTIABLE BILL OF LADING) is conspicuous. Language in the body of a form is "conspicuous" if

it is in larger or other contrasting type or color.... Whether a term or clause is "conspicuous" or not is for decision by the court.

In determining conspicuousness of a disclaimer, the court must consider the entire document. *J & W Equipment, Inc. v. Weingartner*, 5 Kan.App.2d 466, 618 P.2d 862, 866 (1980). Contrasting type, ink color, and type size are relevant factors in the determination, but they are not the sole arbiters. *Id.*

The disclaimer in this case is contained on a page separate from the purchase agreement entitled:

SERVICE POLICY, WARRANTY AND AL–JON/UNITED, INC. RESPONSIBILITY AND LIABILITY

The document contains eighteen different provisions with each designated by a letter of the alphabet. The disclaimer is contained in paragraph Q, and it reads as follows:

This warranty as stated herein, constitutes Al–Jon/United, Inc.'s full and complete warranty, is exclusive of and in lieu of all other warranties, whether written, oral or implied (including any warranty of merchantability or fitness for purpose). This warranty may not be altered or amended except by written agreement of both parties.

The warranty disclaimer clearly mentions the word "merchantability." Therefore, the sole remaining issue is whether the disclaimer is "conspicuous." In this regard, we note that the disclaimer language is in the same size type and ink color as the other provisions. It is not in capital letters and is not contrasting in type in terms of style or shade.

For support of its argument, the defendant points out that the disclaimer language is in the same size type, not smaller type, as the other provisions and is contained on a separate document that was signed by both parties and which is clearly labeled as relating to the product's warranty. In response, the plaintiff points out that the disclaimer language is not (1) in a contrasting type style, size or color; (2) in a separate, unnumbered paragraph; (3) indented differently than the surrounding text; or (4) surrounded by a distinctive border.

The court cannot at this time find that the plaintiff's implied warranty claims should be dismissed for failure to state a claim. We do not find, based solely upon an evaluation of the purchase agreement and the other related documents, that the disclaimer language is conspicuous. We find nothing which supports a finding that the disclaimer was conspicuous. We recognize that the language was not hidden, but we also note that there is nothing to draw the reader's attention to it. In sum, we conclude as a matter of law that the disclaimer in this case was not conspicuous. We note, however, that defendant may still be able to prevail on this argument if it can prove that the plaintiff was aware of the disclaimer or had actual notice that the defendant was excluding all implied warranties. *See, e.g., Holcomb v. Cessna Aircraft Co.*, 439 F.2d 1150, 1157–58 (5th Cir.), *cert. denied*, 404 U.S. 827, 92 S.Ct. 62, 30 L.Ed.2d 56 (1971) (in applying Kansas law, court holds that disclaimer was effective even though not sufficiently conspicuous because other circumstances protected buyer from surprise); *Office Supply Co. Inc. v. Basic/Four Corp.*, 538 F.Supp. 776, 784–86 (E.D.Wisc.1982) (disclaimers were effective even though not conspicuous where plaintiff admitted that he knew of warranty disclaimers).

*Breach of Express Warranty*

Defendant contends that plaintiff's remedies for breach of express warranty are limited by the terms of the contract. In support of this argument, defendant points to a letter written by it and provided to the plaintiff on June 15, 1990. This letter, which is attached to the plaintiff's complaint, later became a part of the contract for the purchase of the wire reclamation furnace pursuant to the agreement of the parties. In the letter, Kelley Pettit, the defendant's president, indicates that (1) the defendant will refund plaintiff's deposit if the Environmental Protection Agency does not issue a permit to install the furnace; and (2) the defendant will refund the total purchase price of the furnace less $1500

per month or any portion of any month from the date of the arrival of the machine if the EPA does not issue a permit to operate after a second "stack test." The defendant contends that these remedies became exclusive based on the following language in the letter: "The agreement to repurchase the equipment applies only to the equipment supplied by Al-Jon, Inc., United Division and does not extend to any other associated equipment nor (sic) lease obligations."

In Kansas, parties to commercial transactions can create their own remedies. K.S.A. 84-2-316(4). Any resort to a remedy is optional "unless the remedy is expressly agreed to be exclusive, in which case it is the sole remedy." K.S.A. 84-2-719(1)(b).

After carefully examining the documents before the court, we are unable to conclude that the defendant is entitled to a limitation of the remedies for plaintiff's breach of express warranty claims based on the language contained in the letter. Based upon the present arguments, we are unable to conclude that the limitation of remedies language contained in the letter was intended by the parties to be the exclusive remedy. The language here differs substantially from the language contained in *Ritchie Enterprises v. Honeywell Bull, Inc.*, 730 F.Supp. 1041 (D.Kan.1990), the case relied upon by the defendant in support of this argument. There, the contract specifically provided that the *"customer's exclusive remedy* and Honeywell's entire liability in contract, tort or otherwise for equipment is to repair or exchange of any [defective] parts ..." *Id.* at 1045 (emphasis added).

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. # 38) be hereby granted in part and denied in part. Plaintiff's claims of negligent misrepresentation and negligence are hereby dismissed. The remainder of the defendant's motion is denied.

IT IS SO ORDERED.