Charles KOCH, Plaintiff,

v.

SHELL OIL COMPANY and Feed Specialties Co., Inc., Defendants.

No. 92–4239–DES.

United States District Court, D. Kansas.

Nov. 14, 1995.

Ronald R. Hein, Stephen P. Weir, Hein, Ebert & Weir, Chtd., Topeka, KS, for Charles Koch.

Hal D. Meltzer, Turner & Boisseau, Chartered, Overland Park, KS, James P. Nordstrom, Fisher, Patterson, Sayler & Smith, Topeka, KS, for Shell Oil Co. and Feed Specialties Co., Inc.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

### I. INTRODUCTION

This matter is before the court on remand from the United States Court of Appeals for the Tenth Circuit. On April 13, 1995, the Tenth Circuit filed a decision affirming in part and reversing in part this court's orders granting defendants summary judgment and denying the plaintiff's motion to alter and amend the judgment entered in favor of defendant Shell Oil Company ("Shell"). The questions presented on appeal were whether the exceptions contained in Kan.Stat.Ann. § 60–3303(d), 60–3303(b)(2)(B), or 60–3303(b)(2)(D) save the plaintiff's action from being barred by the statute of repose contained in Kan.Stat.Ann. § 60–513. The Tenth Circuit held that: (1) the plaintiff's cause of action does not fall within section 60–3303(d); (2) there is no genuine issue of material fact implicating the fraud or intentional misrepresentation exception contained in section 60–3303(b)(2)(B); and (3) this court erred in concluding that the plaintiff may not invoke the exceptions contained in section 60–3303(b)(2)(D). Accordingly, the court of appeals remanded the case for consideration of the plaintiff's argument under section 60–3303(b)(2)(D).

This court concluded that further briefing would materially assist the court in its consideration of the remanded issue, and in its order dated May 10, 1995, ordered the parties to submit supplemental briefs on the single question remanded by the Tenth Circuit. After careful review of the Tenth Circuit's instructions on remand, the record on appeal, and the parties' supplemental briefs, the court is now ready to rule.

### II. BACKGROUND

From April 1979 through October 1981, Mr. Koch fed his dairy cows Rabon, a feed additive containing an oral pesticide. Rabon was manufactured by Shell and distributed by Feed Specialties, Inc. ("Feed Specialties"). Beginning in May 1979, and continuing until July 1986, a significant number of the plaintiff's cattle died. The plaintiff purchased his last batch of Rabon in September 1981, and ceased using the product at the end of October 1981, because he suspected that the product was involved in the death of his cattle. The plaintiff himself has experienced health problems since the 1980's, which he attributes to his exposure to Rabon.

In March 1991, experts developed a test which could detect Rabon in fat tissue. In April 1991, these experts confirmed the presence of Rabon in tissue taken both from Mr. Koch, and from one of Mr. Koch's bulls that had died in 1981. On November 25, 1991, the plaintiff filed suit against Shell and Feed

Specialties, alleging that Rabon caused the death of a substantial portion of his dairy herd, as well as physical injuries to himself.

## III. *DISCUSSION*

Kan.Stat.Ann. § 60–513(a), the general statute of limitations for tort actions, provides that a tort action must be brought within two years of when the fact of injury becomes reasonably ascertainable. Section 60–513(b) further provides that "in no event shall an action be commenced more than 10 years beyond the time of the act giving rise to the cause of action."

The Kansas Product Liability Act, Kan. Stat.Ann. §§ 60–3301 to –3307, contains exceptions to the general statute of repose found at Kan.Stat.Ann. § 60–513(b). Section 60–3303(a)(1) provides that "a product seller shall not be subject to liability in a product liability claim if the product seller proves by a preponderance of the evidence that the harm was caused after the product's 'useful safe life' had expired." Section 60–3303(b)(1) states that "[i]n claims that involve harm caused more than 10 years after time of delivery, a presumption arises that the harm was caused after the useful safe life had expired." Section 60–3303(b)(2)(D), however, provides as follows:

> The ten-year period of repose established in paragraph (1) of this subsection shall not apply if the harm was caused by prolonged exposure to a defective product, or if the injury-causing aspect of the product that existed at the time of delivery was not discoverable by a reasonably prudent person until more than 10 years after the time of delivery, or if the harm caused within 10 years after the time of delivery, did not manifest itself until after that time.

On remand, our inquiry is limited to consideration of Mr. Koch's argument that section 60–3303(b)(2)(D) operates to save his claim.

Section 60–3303(b)(2)(D) provides three alternative tests to be used in determining whether a plaintiff's claim is exempt from the ten-year period of repose: (1) "if the harm was caused by prolonged exposure to a defective product," or (2) "the injury-causing aspect of the product that existed at the time of delivery was not discoverable by a reason-

ably prudent person until more than 10 years after the time of delivery," or (3) "if the harm caused within 10 years after the time of delivery, did not manifest itself until after that time." If Mr. Koch's claim satisfies any one of the three tests, the plaintiff's cause of action is not subject to the ten-year statute of repose.

Defendant Shell argues that because the plaintiff's cattle began dying only one month after the plaintiff began feeding the cattle Rabon, the plaintiff's harm was not caused by prolonged exposure, and therefore the plaintiff's claim does not meet the first test in section 60–3303(b)(2)(D). Assuming, arguendo, that the plaintiff's cattle did not die as the result of prolonged exposure to Rabon, Shell's argument must still fail. Section 60–3302(d) of the Kansas Product Liability Act defines "harm" to include personal physical injuries, as well as damage to property. Shell's argument ignores the personal physical injuries which Mr. Koch alleges.

Defendant Feed Specialties maintains that the plaintiff's claim does not meet the first test, because the plaintiff has offered no evidence to substantiate the occurrence of an injury caused by prolonged exposure. Rather, the defendant argues, Mr. Koch's evidence establishes a likely mechanism of injury involving only a single injurious exposure. Feed Specialties further contends that even if Mr. Koch or his cattle did sustain prolonged exposure to Rabon, plaintiff has not shown by clear and convincing evidence that his injuries were caused by prolonged exposure, rather than by the plaintiff's initial exposure to the pesticide.

The plaintiff's cattle were exposed to Rabon from April 15, 1979, when the plaintiff began using Rabon, until October 1981, when the plaintiff discontinued his use of the product. The plaintiff alleges that he was personally exposed to Rabon from April 15, 1979, until at least November 1982, when he last ate meat from cattle fed with Rabon. Thus, the plaintiff's exposure to Rabon may have continued for over three and one-half years. The Kansas Supreme Court, in a discussion of section 60–3303(b)(2)(D), characterized four to five years of exposure to asbestos as

"prolonged exposure." *Kerns ex rel. Kerns v. G.A.C., Inc.*, 255 Kan. 264, 875 P.2d 949, 956 (Kan.1994) (citing *Harding v. K.C. Wall Prods., Inc.*, 250 Kan. 655, 831 P.2d 958, 960 (1992)). We therefore refuse to find as a matter of law that three and one-half years cannot constitute "prolonged exposure."

As Feed Specialties points out, however, plaintiff must show not only that he sustained prolonged exposure to Rabon, but also that prolonged exposure, as opposed to the plaintiff's initial exposure, caused the plaintiff's harm. The evidence as to whether the plaintiff's harm was caused by a single exposure or by prolonged exposure is unclear. As the defendant argues, Mr. Koch has cited authorities which indicate that a single exposure to certain pesticides may be sufficient to cause symptoms. Feed Specialties ignores, however, conflicting evidence on this point. For example, in the affidavit attached to the plaintiff's Motion to Alter and Amend Judgment (Doc. 66), Jonathan E. Walker, M.D., Medical Director of BioTech Institute, Division of Forensic Sciences, states that in his opinion, "the disabilities Mr. Koch manifests and suffers from presently are, within reasonable medical probability, the result of *long-term chronic* exposure to ... Rabon" (emphasis added).[1]

We therefore hold that the plaintiff has presented sufficient evidence to establish that there exists a genuine issue of material fact as to whether the plaintiff's harm was caused by prolonged exposure to Rabon. Having determined that the first alternative test in section 60–3303(b)(2)(D) precludes the grant of summary judgment to the defendants, it is not necessary to consider the applicability of the statute's other tests.

**IT IS THEREFORE BY THE COURT ORDERED** that the plaintiff's Motion to Alter and Amend Judgment (Doc. 66) as to the defendant Shell Oil Company is granted.

**IT IS FURTHER ORDERED** that the defendant Feed Specialties Co., Inc.'s Motion for Summary Judgment (Doc. 63) is denied.

---

1. In its order dated April 13, 1995, the Tenth Circuit concluded that Mr. Koch raised the applicability of section 60–3303(b)(2)(d) and sufficiently identified supporting facts to properly put the issue of the statute's applicability before the district court. In reaching this conclusion, the court of appeals noted that Mr. Koch had argued the applicability of section 60–3303(b)(2)(D) in his Motion to Alter and Amend Judgment (Doc. 66). On remand, we therefore consider the plaintiff's arguments regarding section 60–3303(b)(2)(D) as set forth in the plaintiff's Motion to Alter and Amend Judgment and supporting affidavits.