The Honorable Clay Aurand State Representative,109th District 2136 30 Road Courtland, Kansas 66939
Dear Representative Aurand:
As Chairman of the House Education Committee, you request our opinion whether 2007 House Bill No. 2368 (HB 2368)[1] contains more than one subject and, therefore, violates Section 16 of Article 2 of the Kansas Constitution. In your request, you state that HB 2368 amends K.S.A. 2006 Supp. 72-6433, the local option budget (LOB) provision of the School District Finance and Quality Performance Act. It is your opinion that an amendment to a school finance provision in the appropriations bill is not related to the primary purpose of such a bill. You assert that the amendment violates the Kansas Constitution because "the amendment to K.S.A. 72-6433 does not authorize the expenditure of moneys in the state treasury."[2]
K.S.A. 2006 Supp. 72-6433[3] authorizes school districts to adopt a LOB and levy a tax to fund such budget. Prior to the commencement of the 2007 legislative session, a school board could approve a local option budget for school year 2007-2008 and thereafter in an amount not to exceed 31% of the state financial aid its school district receives.[4]
HB 2368 increased that amount to 32%.
Our task is to determine whether placement of this LOB amendment in an appropriations bill violates the constitutional provision prohibiting a bill from containing more than one subject.
Article 2, Section 16 of the Kansas Constitution states:
 "No bill shall contain more than one subject, except appropriation bills and bills for revision or codification of statutes. The subject of each bill shall be expressed in its title. . . . The provisions of this section shall be liberally construed to effectuate the acts of the legislature."
The purpose of this constitutional provision is to prevent a matter of legislative merit from being tied to an unworthy matter, the prevention of hodge-podge or log-rolling legislation, and the lessening of improper influences which may result from intermixing objects of legislation in the same act which have no relation to each other.[5]
A court's standard of review on this issue was restated most recently in Harding v. K.C. Wall Products, Inc.[6] Quoting State v.Reeves,[7] the court in Harding stated:
 "Art. 2, § 16, of the Kansas Constitution should not be construed narrowly or technically to invalidate proper and needful legislation, and where the subject of the legislation is germane to other provisions, the act is not objectionable as containing more than one subject or as containing matter not expressed in the title. This provision is violated only where an act embraces two or more dissimilar and discordant subjects that cannot reasonably be considered as having any legitimate connection with or relationship to each other."[8]
HB 2368 outlines appropriations for fiscal years ending June 30, 2007, 2008, 2009, 2010, 2011 and 2012. It directs funding for state boards, offices, agencies, institutions and universities. For example, the bill directs funding for the Kansas State School for the Deaf, Kansas State School for the Blind and the State Board of Regents. In short, "it amends earlier appropriation bills, extends or modifies expenditure limitations, authorizes the transfer of moneys from one fund to another and is the major appropriation bill for all of the state universities."[9]
The legislative history regarding how the LOB amendment made its way into HB 2368 is instructive. The State's share for the LOB is paid through supplemental general state aid.[10] The Governor recommended, in her fiscal year 2008 budget, increasing a school district's local option budget authority from 31% to 33% for school year 2007-2008 and thereafter.[11] If enacted, the State Department of Education estimated that an additional $13.8 million from the State general fund would be needed to fund the 2% increase for fiscal year 2008.[12]
The Governor's LOB recommendation appeared in 2007 Senate Bill 357[13] and 2007 House Bill 2542.[14] The Senate Ways Means Committee concurred in its subcommittee's recommendation that this provision be deleted.[15] The House Appropriations Committee initially decided likewise to delete the provision but the provision was later added back into the bill with a decrease from the Governor's request of 33% to 32%.[16]
A conference committee concurred with the House Appropriations Committee LOB percentage decrease.[17] Eventually, both bills were merged into a "mega" appropriations bill, 2007 HB 2368.[18] Concerned that the LOB provision would not pass muster under Article 2, Section 16
of the Kansas Constitution, the conference committee added a severability provision[19] so that if the LOB provision was determined to be invalid, the invalidity would not affect the other provisions.[20]
We recognize that while the law often accepts a broad interpretation of what is proper in an appropriation bill, Kansas courts have concluded that the Legislature is not free to include any subject in an appropriation bill.[21] For an appropriation provision to be deemed valid, the Legislature must set forth specific amounts of money and state a specific purpose for that money.[22] House Bill No. 2368 is lengthy as, it allocates funds to various individuals and agencies. Section 206 amends the local option budget provision of the School District Finance and Quality Performance Act. Essentially, section 206 of HB 2368 authorizes a 1% increase in the maximum amount of a LOB. What is important to our analysis is that section 206 addresses when a school board may pass an LOB, directions for doing so, and how to handle surplus money. Notably, it does not address the allocation of state funds.
To support your position that HB 2368 violates the one-subject rule, you cite State ex rel. Stephan v. Carlin[23] for the proposition that appropriation bills cannot include subjects wholly foreign and unrelated to their primary purpose which is authorizing the expenditure of specific sums of money for specific purposes. You suggest thatCarlin is analogous to the situation at hand and, therefore, applicable.[24]
In Carlin, the Kansas Supreme Court addressed the School District Equalization Act as it related to the omnibus appropriations bill. In its decision, the Court explained that the Act limited school district budgets and expenditures for school years after 1980. The Court provided:
 "Subsection (b) of Section 77 of this bill is a budget limitation on school districts for the next school year and as such provides the legal and express authority from the Legislature for school boards to pay from public monies a specific sum of public money for education purposes. The result of this appropriation is that school districts which in the previous year have budgeted amounts below the median will not be able to adequately improve the quality of education even if the facts in a particular district indicate a dire need to do so."[25]
The Court in Carlin concluded that the Legislature improperly attempted to place limits upon the budgets which school districts may adopt. The Court reasoned that the amendment in question did not establish expenditure limitations on state funds and it did not authorize the transfer of state moneys from one fund to another. Even though the amendment established budget limitations for school districts, the amendment bore no more relationship to the appropriation of state funds than statutes fixing the budget limitations of cities, counties, or other taxing districts, or various other statutes which could be cited. The Court stated that such an amendment clearly added a second subject to the bill and violated the Kansas Constitution.[26]
We find your argument and authority persuasive. The Carlin decision, while examining a different amendment, appears to be analogous to the situation here. Again, HB 2368 is an appropriations bill. Section 206 of that bill is an amendment to the LOB provision. The amendment is not related to the primary purpose of the appropriations bill. It does not concern the handling of state funds. The amendment simply authorizes local option budgets and the maximum amount a school board may seek. The Kansas Supreme Court's statements in Carlin are appropriate here. The amendment does not "establish expenditure limitations on state funds; it does not authorize the transfer of state moneys from one fund to another." "It bears no more relationship to the appropriation of state funds than do statutes fixing the budget limitations of cities, counties, or other taxing districts, or various other statutes which could be cited. Clearly, it adds a second subject to the bill."[27]
Our conclusion is further supported by the fact that the subject of this bill, as expressed through its title,[28] is appropriations, not school district financing. Article 2, Section 16 of the Kansas Constitution requires that the subject of a bill be expressed in its title. While the legislature may write a title that encompasses numerous minor subjects, such subjects must be "united in a manner that forms one grand and comprehensive subject."[29] Increasing a school district's local option budget authority is not a subject that is part of the "grand and comprehensive" subject of appropriating state funds for various state agencies.
While it is our opinion that placement of the LOB amendment in the appropriations bill violates Article 2, Section 16 of the Kansas Constitution, we do not believe that our conclusion requires invalidating the entire appropriations bill because the bill contains a severability clause.[30] Specifically, section 208 states:
 "If any provision or clause of this act or application thereof to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of the act which can be given effect without the invalid provision or application, and to this end the provisions of this act are declared to be severable."
We also note that K.S.A. 2006 Supp. 72-6433 was amended a second time by 2007 Senate Bill No. 68 (SB 68) which maintains the state percentage at 31%.[31] Thus, striking the LOB amendment in HB 2368 will not impact a school district's authority to adopt a local option budget.
Summarizing, it is our opinion that the placement of an amendment to the local option budget statute, K.S.A. 2006 Supp. 72-6433, in an appropriations bill, 2007 House Bill 2368, violates Article 2, Section16 of the Kansas Constitution. However, as the appropriations
bill contains a severability provision, the offending portion of the bill can be excised without affecting the remaining provisions of the bill.
Sincerely,
 Paul J. Morrison Attorney General
 Rebecca E. Rand Assistant Attorney General
PJM:MF:RER:jm
[1] L. 2007, Ch. 167.
[2] Clay Aurand, Correspondence, May 17, 2007.
[3] Amended twice during the 2007 legislative session at L. 2007, Ch.167, § 206 and Ch. 185, § 3. For ease of readability, references to K.S.A. 2006 Supp. 72-6433 in the text of this opinion will not include references to the 2007 amendments.
[4] K.S.A. 2006 Supp. 72-6433.
[5] State v. Reves, 233 Kan. 972 (1983).
[6] 250 Kan. 655 (1992).
[7] 233 Kan. 972 (1983).
[8] Harding, 250 Kan. at 671 (emphasis added).
[9] State ex rel. Stephan v. Carlin, 230 Kan. 252 (1981) (explaining the purpose of an appropriations bill).
[10] K.S.A. 2006 Supp. 72-6434, as amended by L. 2007, Ch. 195, § 35.
[11] Governor's Budget Report/Fiscal Year 2008 at 107. See
http://budget.ks.gov/gbr.htm
[12] Senate Subcommittee Report/2007 S.B. 357 at 5. See
http://skyways.lib.ks.us/ksleg/KLRD/2007SessionSubcommitteeReports/FY2008_SR_Education.pdf
[13] 2007 S.B. 357, § 57(i).
[14] 2007 H.B. 2542, § 57(i).
[15] Note 12.
[16] Minutes, House Appropriations Committee, March 9, 2007. House Budget Committee Report/2007 H.B. 2542 at 11-13. (With the 1% increase, an additional $1 million from the State general fund would be needed to fund the increase.) Conference Committee Recommendation at 6.
http://skyways.lib.ks.us/ksleg/KLRD/2007SessionSubcommitteeReports/FY2008_SR_Education.pdf
[17] Senate Subcommittee Report at 8, 15. See
http://skyways.lib.ks.us/ksleg/KLRD/2007SessionSubcommitteeReports/FY2008_SR_Education.pdf
[18] Journal of the Senate at 793 (April 3, 2007); Journal of the House at 847 (April 3, 2007).
[19] 2007 H.B. 2368, § 208.
[20] Conference Comparison of the Appropriations Bills for FY 2007— FY 2012 at 15. See
http://skyways.lib.ks.us/ksleg/KLRD/Publications/AppropConfDocs/ConferenceComparisonRept.pdf
[21] State ex rel. Stephan v. Carlin, 230 Kan. 252 (1981).
[22] Carlin, 230 Kan. at 257-58.
[23] 230 Kan. 252 (1981).
[24] Clay Aurand, Correspondence, May 17, 2007.
[25] Carlin, 230 Kan. 255 (internal quotation marks omitted).
[26] Id. at 258.
[27] Id. at 257-58.
[28] "AN ACT making and concerning appropriations for the fiscal years ending June 30, 2007, June 30, 2008, June 30, 2009, June 30, 2010, June 30, 2011, and June 30, 2012, for state agencies; authorizing certain transfers, capital improvement projects and fees, imposing certain restrictions and limitations, and directing or authorizing certain receipts, disbursements and acts incidental to the foregoing; amending K.S.A. 79-4801 and K.S.A. 2006 Supp. 2-223, 25-4501, 55-193, 72-6433,79-2959, 79-2964, 79-3425c, 79-3425i and 82a-953a and repealing the existing sections."
[29] State ex rel. Stephan v. Thiessen, 228 Kan. 136, 143 (1980).
[30] 2007 H.B. 2368, § 208.
[31] L. 2007, Ch. 185, § 3.