NOT DESIGNATED FOR PUBLICATION

No. 116,760

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

NANCY MAKEPEACE FAHEY,
*Appellant/Cross-appellee*,

v.

MICHAEL FRANCIS FAHEY,
*Appellee/Cross-appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TIMOTHY H. HENDERSON, judge. Opinion filed April 13, 2018. Affirmed.

*Jeffery L. Carmichael*, of Morris, Laing, Evans, Brock & Kennedy, Chartered, of Wichita, for appellant/cross-appellee.

*James A. Walker* and *Neil C. Gosch*, of Triplett Woolf Garretson, LLC, of Wichita, and *Jeffrey N. Lowe*, of Stinson, Lasswell & Wilson, LLC, of Wichita, for appellee/cross-appellant.

Before ARNOLD-BURGER, C.J., MALONE and MCANANY, JJ.

PER CURIAM: After discovering in 2013 that she had herpes, Nancy Makepeace Fahey sued her ex-husband, Michael Francis Fahey, for fraud by silence and constructive fraud. Michael had engaged in numerous extramarital affairs before the couple separated in 2004. Nancy premised her claims on the argument that Michael had a duty to disclose the extramarital affairs to her so that she could take steps to protect herself from transmission of sexually transmitted diseases (STDs). The district court granted summary judgment to Michael, finding that such a duty did not exist. Nancy appealed. The district

1

court held that there is no legal duty to disclose extramarital affairs. Nancy appeals that decision.

Kansas has a statute of repose that extinguishes claims for fraud if more than 10 years have elapsed from the time of the last act giving rise to the cause of action. K.S.A. 60-513(b). Michael cross-appeals the district judge's failure to grant his motion to dismiss Nancy's claim because it was brought more than 10 years after the last act giving rise to her fraud claim. Because we find that Michael is correct, we need not address the merits of Nancy's claims and affirm the district court.

FACTUAL AND PROCEDURAL HISTORY

Nancy and Michael were married in 1979. Both had sexual partners before their marriage. Michael began engaging in extramarital affairs about four or five years after their marriage. Over the course of their marriage, he estimated that he had sex with around 20 to 30 women. Approximately 75 percent of the women he had sex with were prostitutes. Michael did not disclose the affairs to Nancy.

The first time Nancy definitively believed that Michael had not been monogamous was in December 2003. Nancy looked through Michael's phone and developed a suspicion that he had been engaging in an affair with his assistant. After receiving confirmation, Nancy decided to leave Michael. She separated from Michael in 2004. The last time they had sexual contact was in early 2004. For reasons unrelated to this appeal, the parties did not divorce until 2011, although they lived apart since their separation in 2004. Both had sexual partners after their separation in 2004.

In October 2013, Nancy received STD testing. Her test was positive for HSV-2, also known as herpes. Following notification of Nancy's positive test, Michael received similar testing and tested positive for herpes in March 2014.

2

Upon discovering the presence of herpes, Nancy filed a petition in district court alleging fraud through silence, fraudulent promise of future events, constructive fraud, and negligence. Her claims were premised on the argument that Michael had a legal duty to disclose his extramarital affairs so that Nancy could take steps to protect herself. Michael argued that the statute of limitations barred Nancy's claim because she knew about the infidelity long before she filed her claim against him. He also argued that Nancy failed to make a prima facie case for her claims. Michael filed for summary judgment.

The district court "conclude[d] that the principle issue presented by [Michael]'s Motion for Summary Judgment is whether a spouse is under a legal obligation to disclose extramarital affairs involving unprotected sex to the other spouse." The court held that no such duty existed. The district court did not address Michael's statute of limitations argument.

Nancy appealed, and Michael cross-appealed.

ANALYSIS

Nancy appeals the denial of her claims. She argues that the district court erred by determining that there is no duty for a spouse to disclose unprotected, extramarital sexual activity. Michael cross-appeals asserting that Nancy's claims are barred by the statute of limitations. Because the time limitation issue is dispositive of the appeal, we will begin with it.

"The interpretation and application of a statute of limitations is a question of law for which the court's review is unlimited." *Brown v. State*, 261 Kan. 6, 8, 927 P.2d 938 (1996). Additionally, on appeal we analyze Michael's summary judgment motion de novo. See *Siruta v. Siruta*, 301 Kan. 757, 766, 348 P.3d 549 (2015).

3

There are two types of time limitations that can bar litigation of a claim: statute of limitations and statute of repose. K.S.A. 60-513. The distinction was elucidated by the Kansas Supreme Court in *Harding v. K.C. Wall Products, Inc.*, 250 Kan. 655, 831 P.2d 958 (1992).

"A statute of limitations extinguishes the right to prosecute an accrued cause of action after a period of time. It cuts off the remedy. It is remedial and procedural. A statute of repose limits the time during which a cause of action can arise and usually runs from an act of a defendant. It abolishes the cause of action after the passage of time even though the cause of action may not have yet accrued. It is substantive." 250 Kan. at 668.

Claims for fraud and negligence are subject to a two-year statute of limitations. K.S.A. 60-513(a)(3) and (4). However, in the case of fraud, "the cause of action shall not be deemed to have accrued until the fraud is discovered." K.S.A. 60-513(a)(3). Similarly, in the case of negligence the action is not deemed to have commenced "until the fact of injury becomes reasonably ascertainable to the injured party." K.S.A. 60-513(b). But also included in the statute is a statute of repose. By placing these statutes side by side, the Legislature has intended that these rules be read in conjunction with one another. "The two statutes, when read together, express the public policy of Kansas concerning when claims for personal injury can be pursued in court." *O'Neill v. Dunham*, 41 Kan. App. 2d 540, 543, 203 P.3d 68 (2009).

The statute of repose provides that notwithstanding the statute of limitations, "in no event shall an action be commenced more than 10 years beyond the time *of the act* giving rise to the cause of action." (Emphasis added.) K.S.A. 60-513(b). "[S]tatutes of repose reflect a substantive choice made by the legislature to grant substantive relief against potential lawsuits when the specified time period after a defendant's action has elapsed." *Doe v. Popravak*, 55 Kan. App. 2d 1, 8, ___ P.3d ___ (2017).

4

The statute of limitations restricts recovery to two years after the fraud is discovered or until the injury becomes ascertainable by the injured party. In this case, Nancy claims she did not discover the fraud until she tested positive for an STD in November 2013. Michael counters that although Nancy may not have had actual notice, she certainly had constructive notice of his extramarital affairs through both his conduct and statements from co-workers beginning as early as 1995. But even if we assume that Nancy is correct and she did not discover the fraud or her injuries, nor have constructive notice of either until she tested positive for an STD, she still must overcome the statute of repose.

The statute of repose assures that a party will not be held liable beyond the 10-year statutory period. K.S.A. 60-513(b); *Kerns v. G.A.C., Inc.*, 255 Kan. 264, 268, 875 P.2d 949 (1994). The 10-year statutory period begins to run when the defendant completes the last act giving rise to the cause of action. *Klose v. Wood Valley Racquet Club, Inc.*, 267 Kan. 164, 167-68, 975 P.2d 1218 (1999). Once the 10-year period of repose has run, claims against the party are extinguished even if an action has not yet otherwise accrued and even if the plaintiff has not yet been injured. See 267 Kan. at 168. Statutes of repose ignore the date of the injury or the date of discovery of the injury and they lack any tolling provisions. See *Harding*, 250 Kan. at 662.

> "As Judge Richard Posner has noted, '[a] statute of repose is strong medicine, precluding as it does even meritorious suits because of delay for which the plaintiff is not responsible.' [Citation omitted.] But when they apply, statutes of repose reflect a substantive choice made by the legislature to grant substantive relief against potential lawsuits when the specified time period after a defendant's action has elapsed. Once the statute-of-repose time limit has expired, the legal claim is abolished even if the plaintiff may not yet be aware of the injury. [Citation omitted.]" *Doe*, 55 Kan. App. 2d at 8.

The parties make various arguments about the time at which Nancy should have discovered the alleged fraud. We will assume for this discussion that Michael failed to

5

disclose unprotected sexual activity outside the marriage and we will assume, without deciding, that such acts would give rise to a cause of action. So we need to examine the latest possible act that gave rise to Nancy's cause of action.

The act which Nancy alleges gave rise to her causes of action was Michael's failure to disclose extramarital affairs. She argues that such a disclosure would have allowed her to protect herself from exposure to sexually transmitted diseases from him, since they were continuing to have unprotected marital sex. She does not claim that Michael knew or should have known he *had* herpes, but that Michael should have known that his risky behavior *could* have resulted in him acquiring an STD and transmitting it to Nancy. Accordingly, he had a duty to disclose his extramarital affairs. So we will examine the undisputed facts to see if they give rise to a timely claim.

It is undisputed that Nancy became aware of Michael's infidelity around Christmas time 2003 when she discovered that he was having an affair with his assistant. She confronted him and told their children, who were in Dubai for the holiday. She decided to leave him at that time. The parties had no sexual contact after early 2004. Nancy filed this action in May 2014. At that point she had been aware of Michael's marital infidelity for over 10 years. And Michael knew she was aware of it because she had confronted him about it and ended their marital relationship over it. Moreover, for the second time in their marriage, she observed a scab on Michael's genitals in early 2004. Nancy's claim is based wholly upon the theory that Michael had a legal duty to disclose extramarital affairs. She became aware of the last affair in December 2003 immediately before their permanent separation. She did not have sex with Michael after early 2004. Accordingly, even if Nancy were able to legally and factually prove her claims, her claims are barred by the 10-year statute of repose.

Because the district court's ultimate conclusion was correct—that Michael was entitled to judgment as a matter of law—we still affirm its decision. See *KPERS v.*

6

*Reimer & Koger Assocs., Inc.*, 262 Kan. 110, 118, 936 P.2d 714 (1997) (stating that "a trial court's reason for its decision is immaterial if the ruling is correct for any reason"). Likewise, we need not address the merits of the issues Nancy raises on appeal. Although we have reviewed them and find nothing to justify reversing the district court's decision on the merits, to analyze them in light of their untimeliness would be nothing more than dicta. See *Medford v. Board of Trustees of Park College*, 162 Kan. 169, 173, 175 P.2d 95 (1946) (nobody bound by dictum, including court). We decline that invitation.

Affirmed.