Drucilla B. ACHEY and James F. Achey, Plaintiffs,

v.

LINN COUNTY BANK, DSP Investments Ltd., Donald M. Pease, Susan R. Pease, Robert Teagarden, Patrick Foreman, Donna Sue Foreman, Defendants.

Civil Action No. 95–2204–GTV.

United States District Court, D. Kansas.

March 12, 1997.

W. Joseph Hatley, Mark A. Ferguson, Lathrop & Gage L.C., Overland Park, KS, Charles F. Zarter, Swanson, Midgley, Gangwere, Kitchin & McLarney, L.L.C., Overland Park, KS, for Plaintiffs.

H. Boone Porter, III, Louis A. Cohn, Lewis, Rice & Fingersh, Kansas City, MO, for Defendants.

## MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

In this case, the plaintiffs request a declaratory judgment that a reverse stock split eliminating their bank shares violated Kansas law. Based upon the alleged violation, the plaintiffs also assert claims of breach of fiduciary duties, conspiracy to breach fiduciary duties, and unjust enrichment. The plaintiffs request injunctive relief, an accounting, and monetary damages.

The defendants have filed a motion to dismiss plaintiffs' complaint (Doc. 13), arguing that the reverse stock split was legal under Kansas law and that the Kansas Banking Commissioner (Commissioner) is a necessary and indispensable party, pursuant to Fed. R.Civ.P. 19, who cannot be joined in this action.

The court has subject matter jurisdiction pursuant to diversity jurisdiction.[1] *See Oklahoma City Assocs. v. Wal–Mart Stores, Inc.,* 923 F.2d 791, 793 (10th Cir.1991); *Asselin v. Shawnee Mission Med. Ctr., Inc.,* 894 F.Supp. 1479, 1484 (D.Kan.1995). In their Rule 19 argument, the defendants assert that the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions, K.S.A. § 77–601 *et seq.,* provides the plaintiffs' exclusive remedy for reviewing the Commissioner's decision that he did not have authority to determine the issue. If the defendants are questioning this court's subject matter jurisdiction based upon the plaintiffs' failure to exhaust administrative remedies, the argument is unpersuasive. The issue before this court is not within the Commissioner's responsibilities. This finding was implicit in the court's April 26, 1996 order, which the Supreme Court of Kansas recognized. *See*

*Achey v. Linn County Bank,* 261 Kan. 669, 931 P.2d 16, 18–20 (1997).

The court delayed ruling on the motion during the pendency of certifying, sua sponte, two questions to the Kansas Supreme Court. *Achey v. Linn County Bank,* No. 95–2204, 1996 WL 224262 (D.Kan. Apr. 26, 1996). The Kansas Supreme Court has answered, and this court now is prepared to rule on the motion to dismiss. For the reasons stated below, the motion is granted.

### Legal Standard

The defendants' motion to dismiss based upon the legality of the reverse stock split argument is brought pursuant to Fed. R.Civ.P. 12(b)(6), failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss will be granted only if it appears beyond a doubt that the plaintiffs are unable to prove any set of facts entitling them to relief under their theory of recovery. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). The court must view all reasonable inferences in favor of the plaintiffs, and the court must construe all pleadings liberally. *Id.;* Fed.R.Civ.P. 8(f). The issue in reviewing the sufficiency of a complaint is not whether the plaintiffs will prevail, but whether the plaintiffs are entitled to offer evidence to support their claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

### Factual Background

The factual background of this case is set forth in the court's April 26, 1996 order, *Achey,* 1996 WL 224262 at *1–2,[2] and in the

---

1. The plaintiffs are citizens of California, the individual defendants are citizens of Kansas, Linn County Bank and DSP Investments Ltd. are Kansas corporations, and the amount in controversy exceeds $50,000. *See* 28 U.S.C. § 1332.

2. Although the parties attached numerous exhibits to their briefings on this motion, the facts set forth here and in the court's April 26, 1996 order are based only upon the complaint and attachments thereto. In a 12(b)(6) motion to dismiss, "[t]he court may not consider material beyond the pleadings unless it is submitted or attached

as part of the complaint." *Kelley Metal Trading Co. v. Al–Jon/United, Inc.,* 812 F.Supp. 185, 187 (D.Kan.1993); *see Industrial Constructors Corp. v. United States Bureau of Reclamation,* 15 F.3d 963, 965 (10th Cir.1994). "[I]f the movant's intentions are to challenge the facts on which the claim is brought, the movant should submit the outside materials pursuant to a proper motion for summary judgment under Rule 56." *Musick v. Century Fin. Co.,* No. 93–4012, 1993 WL 270516, *1 (D.Kan. Jun.2, 1993) (citation omitted).

Kansas Supreme Court's January 31, 1997 opinion, *Achey*, 931 P.2d at 16–18, and will not be repeated in detail.

Succinctly stated, the plaintiffs have been minority shareholders in the Linn County Bank, LaCygne, Kansas (Bank). Under the articles of incorporation, the Bank had authority to issue 2,000 shares of common stock, all of which were outstanding. The plaintiffs each owned 80 shares. DSP Investments, Ltd. (DSP), the holding company, owned 1700 of the outstanding shares. The individual defendants are members of the Bank's Board of Directors and minority shareholders. Additionally, Donald M. Pease and Susan R. Pease are officers of the Bank as well as officers, members of the Board of Directors, and sole stockholders of DSP.

In the fall of 1993, the Bank's Board of Directors approved and majority shareholder DSP voted in favor of two reverse stock splits. The plaintiffs each acquired additional shares to survive the first reverse stock split, had it gone into effect. The plaintiffs, however, did not have sufficient shares to survive the second reverse stock split of 400 to 1, which reduced the number of common shares from 2,000 to 5. The approved amendment prohibited the issuance of fractional shares, which would be cancelled with the right to convert into cash. The plaintiffs have refused to sell their shares and have filed the instant action.

### Reverse Stock Split

The defendants argue that the plaintiffs' complaint should be dismissed because the reverse stock split was conducted in accord with K.S.A. §§ 9–904, 17–6602, 17–6405. Citing ¶ 54 of the complaint, the defendants characterize the plaintiff's claim as "any minority shareholder has an absolute right to veto a reverse stock split." (Defs.' Memo., at 2.) The plaintiffs apparently agree, arguing in their response that under § 17–6602, a minority shareholder has the power to veto a reverse stock split that would eliminate minority shareholders. In the complaint, however, the plaintiffs contend that Kansas law, specifically K.S.A. § 17–6602(c)(2), precludes the Bank "from reducing the number of authorized shares of common stock below the number of outstanding shares of common stock." (Complaint, ¶¶ 54–55, at 13.)

At the crux of the parties' disagreement is construction of § 17–6602(c)(2). The statute, which is part of the general corporation code and addresses amendments to articles of incorporation, provides in pertinent part:

(a) After a corporation has received payment for any of its capital stock, it may amend its articles of incorporation.... In particular, and without limitation upon such general power of amendment, a corporation may amend its articles of incorporation, from time to time, so as ...

(3) to increase or decrease its authorized capital stock or to reclassify the same, by changing the number ... of the shares....

. . . . .

(c) [E]very amendment authorized by subsection (a) shall be made and effected in the following manner ...

(2) The holders of the outstanding shares of a class shall be entitled to vote as a class upon a proposed amendment, whether or not entitled to vote thereon by the provisions of the articles of incorporation, if the amendment would increase or decrease the aggregate number of authorized shares of such class, increase or decrease the par value of the shares of such class, or alter or change the powers, preferences or special rights of the shares of such class so as to affect them adversely. If any proposed amendments would alter or change the powers, preferences or special rights of one or more series of any class so as to affect them adversely, but shall not so affect the entire class, then only the shares of the series so affected by the amendment shall be considered a separate class for the purposes of this paragraph. *The number of authorized shares of any such class or classes of stock may be increased or decreased, but not below the number of shares then outstanding,* by the affirmative vote of the holders of a majority of the stock of the corporation entitled to vote, if so provided in the original articles of incorporation or in any amendment thereto which created such

class or classes of stock or in any amendment thereto which was authorized by a resolution or resolutions adopted by the affirmative vote of the holders of a majority of such class or classes of stock.

K.S.A. § 17–6602 (emphasis added).

Under the defendants' construction of § 17–6602(c)(2), the statute only applies to corporations having more than one class of stock. The defendants also contend that the statutory protection afforded by § 17–6602(c)(2) applies only if a class or series of stock adversely affects the rights of another class or series of stock. Additionally, the defendants maintain that even if the plaintiffs could avail themselves of this protection, the statute only guarantees the right to vote as a class and not the right to veto the reverse stock split.

Based upon the above italicized language, the plaintiffs assert that § 17–6602 "clearly" precludes majority shareholders from enacting an amendment that would have the effect of eliminating minority shareholders. The plaintiffs dispute that § 17–6602(c)(2) only applies to corporations having more than one class of stock, arguing if that was the Legislature's intent, the Legislature could have so stated. According to the plaintiffs, § 17–6602(c)(2) applies to any corporation having a class of stock, even a corporation such as the Bank having only one class of stock.

Because the Kansas appellate courts had not construed K.S.A. § 17–6602, the court certified the following questions to the Kansas Supreme Court:

(1) Whether Kansas law, including K.S.A. § 17–6602(c)(2), precludes a bank with only one class of stock from reducing the number of authorized shares below the number of outstanding shares?

(2) Whether under Kansas law, including K.S.A. § 17–6602(c)(2), a minority shareholder has the power to veto a reverse stock split that would eliminate minority shareholders?

The Kansas Supreme Court answered both questions in the negative. *Achey,* 931 P.2d at 16. The court held:

> The provisions of K.S.A. 17–6602(c)(2), applied to the specific facts of this case, do not prohibit a corporation with a single class of stock from amending its articles of incorporation so as to effect a reverse stock split. The minority shareholders in this case do not have the power to veto a reverse stock split that would eliminate minority shareholders.

*Id.* syl. The court rejected the plaintiffs' arguments based upon the language of § 17–6602(c) italicized above, concluding that the italicized language "applies in the context of several classes of stock and prevents the vote of the members of one class from affecting the rights of members of a different class." *Id.* at 25. Subsection (c), according to the court "is a procedural provision, not one of limitation." *Id.*

Based upon the Kansas Supreme Court's answer to the certified questions, the court determines that the defendants' motion to dismiss is granted. Because the reverse stock split argument resolves the motion, the court need not address the defendants' Rule 19 argument.

IT IS, THEREFORE, BY THE COURT ORDERED that the defendants' motion to dismiss (Doc. 13) is granted.

The case now is closed.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**